## AMERICAN SURETY CO. OF NEW YORK v. BLOUNT COUNTY BANK.

Circuit Court of Appeals. Fifth Circuit. February 20, 1929.

Rehearing Denied March 25, 1929.

No. 5465.

E. L. All and J. D. Rucker, both of Birmingham, Ala. (Bradley, Baldwin, All & White, of Birmingham, Ala., on the brief), for appellant.

Earl Pettus, of Birmingham, Ala., and P. A. Nash, of Oneonta, Ala., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. After the Oneonta Trust & Banking Company was merged with the appellee, Blount County Bank, the appellee brought this action against the appellant, American Surety Company of New York, on a bond in the sum of $10,000 made by the latter to the Oneonta Trust & Banking Company, with condition that appellant, "as surety, binds itself to pay to the Oneonta Trust & Banking Company, Oneonta, Alabama, as employer, such pecuniary loss as the latter shall have sustained of money or other personal property (including that for which the employer is responsible), by any act or acts of larceny or embezzlement, directly or· through connivance with others, on the part of any of the employees named in the schedule attached to and hereby made a part of this bond, while in any position or at any location in the employ of the employer."

The complaint contained three counts. A copy of the bond sued on was made an exhibit to the third count as it was amended. The bond contained the following:

"1. That loss be discovered during the continuance of the suretyship for any defaulting employé or within the fifteen months immediately following the termination thereof, and that notice of such loss be delivered to the Surety at its home office in the city of New York within ten days after such discovery."

The first count of the complaint alleged:

"That the condition of said bond has been broken by the defendant in this:

"1. Clarence H. Davidson, cashier of said bank named in the schedule attached and made a part of said bond, while acting as cashier of said bank, did wrongfully take or embezzle, directly or through connivance with others, divers and sundry sums of money, at divers times, subsequent to the 8th day of June, 1923, and before the cancellation of said bond, in the full sum of $4,546.-75, to the damage of the plaintiff as above stated."

The third count, as it was amended, alleged:

"And plaintiffs aver that the said Clarence H. Davidson was set out in said schedule to said bond as one of the employees carried to the extent of, to wit, $10,000, and that the said defendant had notice as required by said bond of the said embezzlement or larceny of said employee, or waived notice thereof, and plaintiff further avers that it complied with all of the terms of said bond on its part, or that the defendant waived the said terms and conditions of said bond."

A demurrer to the complaint and each count thereof suggested the insufficiency of the averments to show a breach of the condition of the bond sued on and pecuniary loss to appellee therefrom. A demurrer to the third count suggested the insufficiency of its averments to show a waiver by appellant of provisions of the bond sued on. Those demurrers were overruled. There was evidence to the following effect:

Prior to and at the time of the merger of the two banks in January, 1926, Clarence H. Davidson was the cashier of the Oneonta Trust & Banking Company, and acted for that company in turning over its books, papers, and assets to appellee. Davidson and appellee's cashier, W. B. Brown, together made a list of all deposits which appeared from the individual ledger sheets which Davidson turned over to Brown, and which Davidson stated were all the individual ledger sheets of the merged bank. The cash, or its equivalent, turned over by Davidson to Brown at that time, tallied with the amount shown by the ledger sheets then turned over by Davidson. During the spring of 1926 passbooks presented to appellee showed deposits, entered in the handwriting of Davidson, which were not shown on the books or ledger sheets turned over by Davidson. When discrepancies so disclosed from time to time were called to the attention of Davidson, he said that he could explain the discrepancies after making an investigation; that the funds of the bank were in order, and from time to time he made investigations of books and papers left in the building which had been occupied by the merged bank.

At a meeting of appellee's directors held on November 20, 1926, they discussed the matter, determined that it was more likely that there was a shortage than an error, and by telegram notified appellant that Davidson "was short in account approximately one thousand dollars subject further check." Soon after the receipt of that notice, a representative of the appellant called on appellee's officials. Appellant's representative then was given all the information appellee's officials had about the matter. Thereafter, in compliance with requests or demands of appellant, appellee made further investigations and showings as to the shortage, and as to the appellant's loss therefrom. On December 10, 1926, Davidson signed a written statement admitting the correctness of an itemized list of discrepancies, aggregating $4,546.75, and acknowledging his responsibility for that amount.

The court refused requested charges to the effect that, if the jury believed the evidence, their verdict must be for the defendant, that the jury could not find for plaintiff under either of the counts, and the following written charge: "The court charges you that the plaintiff failed to give the surety company notice of the loss or losses within 10 days after discovery thereof." Appellant complains of the above-mentioned rulings.

■ We are of opinion that appellee's pleadings were defective in failing to show by proper allegations of fact that the condition of the bond sued on was breached, and that appellee sustained pecuniary loss from such breach, or that there was a waiver by appellant of the provision of the bond as to giving notice. It appears from the record that the case was tried on the theory that

appellee's right to recover was dependent on the evidence showing to the satisfaction of the jury that appellee sustained pecuniary loss from acts of larceny or embezzlement of Clarence H. Davidson, an employee named in the schedule attached to the bond sued on, while acting as cashier of the Oneonta Trust & Banking Company. What happened in the trial negatived the conclusion that appellee contended that it was entitled to recover anything other than the amount of its loss of money sustained by acts of embezzlement of Davidson while acting as cashier of his employer. There was no attempt to prove a waiver by appellant of any term or condition of the bond sued on, other than the quoted provision thereof as to giving notice of loss. The only evidence offered to prove a waiver was to the effect that, after appellant was notified that Davidson was short in his accounts, and after appellee had furnished appellant all the information as to the shortage possessed by appellee, appellant, without insisting on its right to the notice, required appellee to make further investigations and showings as to the shortage, and the amount of appellee's loss thereby sustained.

Under the charge given by the court to the jury, a verdict in favor of appellee could not be rendered unless the jury found from the evidence that appellee sustained pecuniary loss from acts of larceny or embezzlement committed by Davidson while acting as cashier of his employer, and unless the jury found from the evidence either that notice of the loss was given pursuant to the provision of the bond on that subject, or that, after appellant was informed that such notice was not given within the prescribed time, appellant waived compliance with the provision as to notice by requesting or inducing appellee to make further investigations or showings as to its loss sustained by Davidson's embezzlements. As it is to be inferred from the record that the verdict was based on findings by the jury from the evidence of all that was required to make the appellant liable under the bond sued on, appellant was not prejudiced or its substantial rights affected by the defects in appellee's pleadings, with the result that the judgment is not subject to be reversed because of the overruling of the above-mentioned demurrers. Grant Brothers Const. Co. v. United States, 232 U. S. 647, 34 S. Ct. 452, 58 L. Ed. 776; 28 USCA § 391.

■ Without explanation, the statement contained in the above set out refused charge might well be understood as referring to the total loss alleged and shown by the evidence, which amounts to $4,546.75. The evidence did not show that appellee had discovered the loss of that amount before the notice was given. The court is not chargeable with error for refusing to give a charge containing a statement which is inaccurate or misleading, or requires explanation or modification, though the evidence was such as to require a finding that, more than ten days before the notice was given, appellee had discovered that it had sustained a loss of a substantial sum of money from acts of larceny or embezzlement by Davidson.

■ There was evidence to support a finding that, several months before appellee gave notice that Davidson was short in his accounts, it was informed of shortages due to embezzlements by Davidson. There was also evidence to support a finding that, after appellant was furnished all information as to the matter possessed by appellee, appellant required or induced appellee to make investigations and showings as to Davidson's embezzlements and the losses sustained by appellee thereby. It was open to appellant, if and when it was informed that the provision as to giving notice had not been complied with, to deny liability because of such noncompliance. If, instead of so doing, the appellant, without making any objection as to the failure to give such notice, required or induced appellee to incur trouble or expense to prove Davidson's embezzlements and the amount of the loss sustained by appellee thereby, such conduct was evidence of a waiver by appellant of the benefit of the provision as to giving notice, in that it indicated its intention to relinquish the right given by that provision of the contract. In the indicated state of the evidence, it was not error to refuse charges to the effect that, if the jury believed the evidence, their verdict should be in favor of the defendant.

We conclude that the record does not show any reversible error. The judgment is affirmed.